# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60126-5-II |
| Respondent, | |
| v. | |
| KEATON DREW TAYLOR, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, C.J. — Keaton D. Taylor appeals his unlawful possession of a firearm in the first degree conviction. He contends that the State failed to prove that he possessed the firearm found in the trunk of the vehicle in which he was a passenger. The State concedes that it failed to make this showing. We accept the State's concession and remand to the trial court to vacate the conviction and resentence Taylor on his remaining conviction.

### FACTS[1]

Police contacted Taylor when he was the passenger in his brother's vehicle. The contact was based on a report that Taylor's brother pointed a gun at someone.

Police obtained a search warrant for the vehicle. Officers located a backpack in the trunk of the vehicle. The backpack contained Taylor's social security card, a photocopy of his driver's

---

[1] The following facts rely on the trial court's findings of fact following Taylor's bench trial, which are unchallenged and therefore verities on appeal. *State v. Johal*, 33 Wn. App. 2d 408, 412-13, 561 P.3d 1235, *review denied*, 4 Wn.3d 1028 (2025).

license, and a professional certificate in Taylor's name. The backpack also contained numerous blue pills consistent with fentanyl, a baggie with heroin that was approximately one ounce, digital scales, baggies, and other drug paraphernalia. Also in the trunk, underneath both the backpack and a black tarp, was a loaded 12 gauge shotgun.

The State charged Taylor with possession of a controlled substance with intent to manufacture or deliver and unlawful possession of a firearm in the first degree.

Taylor entered a drug court program. Taylor agreed to several terms, including that if terminated from drug court then the trial court would determine the issue of guilt solely upon a summary of the facts presented in police reports, declarations, witness statements, and other scientific reports.

Taylor was not successful in drug court. The trial court terminated his participation and moved forward with a stipulated bench trial.

Taylor was found guilty of both counts as charged. Based on an offender score of 9+, the trial court sentenced Taylor to 90 months on both counts to run concurrently.

Taylor appeals.

ANALYSIS

Taylor contends that the State failed to prove that he possessed the firearm found in the trunk of the vehicle. The State concedes that it failed to make this showing. We accept the State's concession.

Evidence to support a conviction is sufficient if, when viewing the evidence in the light most favorable to the State, any rational trier of fact could find guilt beyond a reasonable doubt. *State v. Bergstrom*, 199 Wn.2d 23, 40-41, 502 P.3d 837 (2022). In arguing that the evidence is

insufficient, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id*. at 41.

RCW 9.41.040(1)(a)(i)[2] states that "[a] person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree[,] . . . if the person . . . possess[es] . . . any firearm after having previously been convicted . . . of any serious offense." Taylor does not dispute that he had previously been convicted of a serious offense. Talyor disputes whether there was sufficient evidence that he knowingly possessed the firearm found in his brother's car.

To be guilty of unlawful possession of a firearm, possession must be "knowing." *State v. Anderson*, 141 Wn.2d 357, 366, 5 P.3d 1247 (2000). Either actual or constructive possession can constitute knowing possession. *State v. Chouinard*, 169 Wn. App. 895, 899, 282 P.3d 117 (2012).

Here, the State sought to prove Taylor's guilt by constructive possession. Constructive possession occurs where a defendant exerts dominion and control over an item. *State v. Listoe*, 15 Wn. App. 2d 308, 326, 475 P.3d 534 (2020). Whether a person has dominion and control is determined by the totality of the circumstances. *Id*. While proximity to the item may be considered, this factor alone is not sufficient. *Id*. at 327.

In *Chouinard*, 169 Wn. App. at 897, the defendant rode in the backseat of a car as a passenger. He knew a firearm was behind the backseat. *Id*. at 898. However, evidence was insufficient to prove constructive possession because there were multiple other occupants and there was no evidence Chouinard was in control of the car or firearm. *Id*. at 900-03.

Similarly, here, there were multiple occupants in the vehicle and there was no evidence Taylor had control of the car or firearm located in the trunk. The vehicle belonged to his brother. The shotgun was located underneath both Taylor's backpack and a tarp.

---

[2] We cite the current statute as the relevant language has not changed.

While Taylor's backpack was located near the firearm that does not show he had control over an item outside the backpack and inside another person's vehicle. Accordingly, the evidence was insufficient to prove constructive possession.

CONCLUSION

Because the State failed to prove all elements of unlawful possession of a firearm in the first degree, we accept the State's concession. We vacate the conviction and remand for the trial court to dismiss with prejudice Taylor's unlawful possession of a firearm in the first degree conviction and to resentence him on his remaining conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, C.J.

We concur:

_____
Lee, J.

_____
Che, J.

4